IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DISINTERMEDIATION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PERQ SOFTWARE, LLC, <br><br> Defendant. | Case No. 1:22-cv-2280 <br><br> **JURY TRIAL DEMANDED** |

**PATENT CASE MANAGEMENT PLAN**

I.  **Parties and Representatives**

   A.  Plaintiff: Disintermediation Services, Inc.

   Defendant: PERQ Software, LLC

   B.  Counsel for Disintermediation Services
   Sean J. Quinn (29441-71)
   Troy D. Smith (PHV Forthcoming)
   squinn@freeborn.com
   tsmith@freeborn.com
   FREEBORN & PETERS LLP
   311 South Wacker Drive, Suite 3000
   Chicago, IL 60606
   Telephone: (312) 360-6000

   Counsel for PERQ Software
   Manuel "Manny" Herceg (29956-06)
   Joshua F. Brown (26672-49)
   TAFT STETTINIUS & HOLLISTER LLP
   One Indiana Square, Suite 3500
   Indianapolis, IN 46240
   Telephone: (317) 713-3500
   mherceg@taftlaw.com
   jbrown@taftlaw.com

   R. Eric Gaum (PHV)
   TAFT STETTINIUS & HOLLISTER LLP
   200 Public Square, Suite 3500

Cleveland, OH 44114-2302  
Telephone: (216) 241-2838  
egaum@taftlaw.com

II. **Jurisdiction and Statement of Claims**

    A.    Subject matter jurisdiction is based on the U.S. patent laws.

    B.    Disintermediation Services alleges that PERQ infringes two of Disintermediation Services' patents. The facts upon which the claims are based are detailed in the claim chart exhibits filed with the complaint.

    C.    PERQ denies that the chat functionality of its software infringes upon the '787 or the '466 patents-in-suit for at least the reason that its software does not permit live chat between an unauthenticated user and a first responder. PERQ's software does not connect a user, whether authenticated or not, with a first responder, to allow real-time communication (RTC) between two people. The '787 and '466 patents are also invalid for at least the reason that they are directed to patent ineligible subject matter under 35 U.S.C. § 101. The facts upon which invalidity under Section 101 are based are detailed in Defendant PERQ Software, LLC's Motion to Dismiss under Rule 12(b)(6), which is pending with the Court. *See* Dkt. #24-25. The foregoing is not intended to be limiting as the case is in its early stages and PERQ will continue to further develop its non-infringement and invalidity defenses, and perhaps other defenses.

III. **Early Filings and Disclosures**

    A.    The parties must serve their Fed. R. Civ. P. 26 initial disclosures on or before April 28, 2023.

    B.    Plaintiff must file preliminary witness and exhibit lists on or before May 12, 2023.

    C.    Defendant must file preliminary witness and exhibit lists on or before May 19, 2023.

    D.    All motions for leave to amend the pleadings and/or to join additional parties must be filed on or before May 28, 2023.

    E.    Plaintiff must serve Defendant (but not file with the Court) a preliminary statement of damages, if any, and make a settlement proposal, on or before May 26, 2023. Defendant must serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

> Sec. III. E. The Parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to JudgeBarrChambers@insd.uscourts.gov. There is no need to follow the email with a hard copy.

2

F. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim must notify the Court as soon as practicable. At this time, the Parties do not see a need for bifurcation.

**IV.    Discovery and Related Deadlines**

A. All liability discovery—both fact and expert—must be completed[1] by December 28, 2023.

B. The parties must file and serve their infringement and invalidity contentions by August 28, 2023.

C. The party with the burden of proof as to any liability issue must disclose the name, address, and vita of any expert witness on liability, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before October 27, 2023. The responding party must disclose the name, address, and vita of any expert witness, and must serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after the party with the burden serves its expert witness disclosure. If the party with the burden has disclosed no experts, the responding party must make any expert disclosure on or before November 28, 2023.

D. Any dispositive motions must be filed no later than April 26, 2024. **Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion. Issues of claims construction, infringement/non-infringement, and invalidity must be briefed at this time. Any motion to limit or preclude evidence (including expert testimony) in connection with dispositive motions must also be presented at this time.** The parties will proceed under a four-brief schedule. The plaintiff must file any dispositive motion by the above due date; the defendant must file any dispositive motion within twenty-eight days thereafter, along with a consolidated brief in support/brief in opposition to the plaintiff's motion; the plaintiff must file a consolidated brief in opposition/reply in support within 28 days thereafter; and the defendant may file any reply in support of its own motion within 14 days thereafter. If the plaintiff does not file a dispositive motion, any dispositive motion by the defendant is due May 28, 2024, and briefing will proceed according to Local Rule 56-1. If the plaintiff files a dispositive motion and the defendant does not, briefing on the plaintiff's motion will proceed

---

[1] The term "completed," as used in this section, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request must be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the discovery requests unless and until the Court grants the motion.

      according to Local Rule 56-1. Counsel may confer and propose by motion a modified schedule and page limits different from those prescribed by Local Rule 7-1 so long as the briefing is completed within the time contemplated by this section.

E. The plaintiff must disclose the name, address, and vita of any expert witness on damages, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 28, 2024. The responding party must disclose the name, address, and vita of any expert witness, and must serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after the party with the burden serves its expert witness disclosure. If the party with the burden has disclosed no experts, the responding party must make any expert disclosure on or before July 26, 2024.

F. Damages discovery—both fact and expert—must be completed[2] by 3 months before the Trial Date.

G. The parties do not anticipate that a substantial volume of ESI will be produced in the case. Plaintiff anticipates that it will request discovery regarding the chat functionality of Defendant's software, with source code review to be governed by an agreed upon protective order.

Defendant anticipates that it will seek discovery regarding conception and reduction to practice of the alleged inventions of the patents-in-suit, first use and disclosure of any commercialized products and/or prototypes of inventions claimed by or closely related to the patents-in-suit, compliance with the patent marking statute, and Plaintiff's alleged damages, whether claimed lost profits, a reasonable royalty, or both, and any other damage related issues. The foregoing is a summary and not intended to be limiting as PERQ intends to pursue all avenues in its defense.

The parties will produce records as PDF or TIFF files with Bates Numbers and load files as needed, and will also provide ESI in native format where doing so will enhance the functionality or usefulness of those documents (e.g., spreadsheets, word files, photographs with metadata, etc.) or is necessary for metadata to be preserved or utilized.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The

---

[2] See note 1.

       producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

### V. Later Filings and Deadlines

A. Within 14 days after the liability discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b), the party with the burden of proof must file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

B. To the extent requests to limit or preclude expert testimony were not raised and determined at the dispositive motions stage, any party who wishes to limit or preclude expert testimony at trial must file any such objections no later than 120 days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

C. All parties must file and serve their final witness and exhibit lists on or before January 26, 2024. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses must include a brief synopsis of the expected testimony.

### VI. Pre-Trial/Settlement Conferences

The Court will schedule regular status conferences following the initial pretrial conference. **Among the issues the parties must be prepared to address at every pretrial or status conference are settlement and the appropriate timing of a settlement conference with the magistrate judge.**

### VII. Trial Date

The parties request a trial date in _____ [month/year]. The trial is by jury and is anticipated to take _4_ days. Counsel should indicate here the reasons that a shorter or longer schedule is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different schedule is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the schedule approved by the Court.

### VIII. Referral to Magistrate Judge

    A.    **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

    B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**IX.**    **Required Pre-Trial Preparation**

    A.    **THREE WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties must:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section V(C).

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief must prepare and file with the Court and copy to all opposing parties a document that lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law). If trial briefs are requested by the court or otherwise appropriate, they are to be filed at this time.

        6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment and schedule training on the Court's Video Electronic Presentation System ("VEPS") with the judge's

        Courtroom Deputy.

B. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties must:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party must submit the objections and counter summaries or designations to the Court in writing. Any objections must be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections must be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

X. **Other Matters**

On March 7, 2023, Defendant PERQ filed a Motion to Dismiss for Failure to State a Claim. The motion contends that all of the claims of the '787 and '466 patents-in-suit are invalid because they are directed to patent ineligible subject matter under 35 U.S.C. § 101.

        Respectfully submitted:

        /s/ Sean J. Quinn
        Sean J. Quinn (29441-71)
        Troy D. Smith (PHV Forthcoming)
        squinn@freeborn.com
        tsmith@freeborn.com
        FREEBORN & PETERS LLP
        311 South Wacker Drive, Suite 3000
        Chicago, IL 60606
        Telephone: (312) 360-6000

*Counsel for Disintermediation Services, Inc.*

/s/  R. Eric Gaum
Manuel "Manny" Herceg (29956-06)
Joshua F. Brown (26672-49)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46240
Telephone: (317) 713-3500
mherceg@taftlaw.com
jbrown@taftlaw.com

R. Eric Gaum (PHV)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
Telephone: (216) 241-2838
egaum@taftlaw.com

*Counsel for PERQ Software, LLC.*

| | |
|---|---|
| __x__ | PARTIES APPEARED BY COUNSEL ON **March 20, 2023**, FOR AN INITIAL PRETRIAL CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
| __x__ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____ . |
| _____ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____ ; OR _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ____ ) _____ ; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( ____ ) _____ . |
| __x__ | DISPOSITIVE MOTIONS SHALL BE FILED BY **April 26, 2024.** |
| __x__ | ALL LIABILITY DISCOVERY SHALL BE COMPLETED BY **December 28, 2023.** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 3/22/2023

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana